UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAIN C. APPLEGATE,<br><br>       Plaintiff,<br><br>   v.<br><br>CCI, et al.,<br><br>       Defendants. | CASE No. 1:16-cv-01343-MJS (PC)<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER FILE A FIRST AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE ADA AND RA CLAIMS AGAINST CCI, CDCR, CCHCS, AND DEFENDANT LEWIS**<br><br>(ECF No. 1)<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. No other parties have appeared in the action.

His complaint is before the Court for screening.

**I.  Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

2

### III. Plaintiff's Allegations

Plaintiff is incarcerated at Salinas Valley State Prison, but complains of acts that occurred at the California Correctional Institution ("CCI"). He names the following defendants: (1) CCI; (2) the California Correctional Health Care Services ("CCHCS"); (3) the California Department of Corrections and Rehabilitation ("CDCR"); (4) K. Said, PCP; (5) U. Baniga, CME; (6) S. Shiesha, CME; (7) B. Sanders, AW-ADA; (8) C. Wofford, SSA; (9) L. Nguyen, M.D.; (10) J. Wood, RAP; (11) J. Long, RAP; (12) E. Garcia, AW-ADA; (13) M. Dailo, AW-ADA; (14) C. Trotter, CCII; (15) J. Walsh, Sr. Psychologist; (16) W. Walsh, Chief of M.H.; (17) M. Phelphs; (18) John Doe, CDCR Lawyer; and (19) J. Lewis, Deputy Director Policy/Risk Management Services.

His allegations may be summarized essentially as follows:

Plaintiff is a "long-standing ADA prisoner." Immediately prior to his arrival at CCI, he underwent a comprehensive diagnostic workup by an orthopedist. The orthopedist made several recommendations, including "no stairs, even terrain, ADA, low bunk." Plaintiff was referred to a podiatrist and a neurologist.

Shortly thereafter, Plaintiff was transferred to CCI. According to Plaintiff, CCI cannot accommodate his restrictions and he should have been transferred to another institution immediately. Instead, he remained at CCI. His restrictions were not enforced. Instead, they were changed to something that could be accommodated at CCI. He was never referred to a podiatrist or neurologist. His ADA status was rescinded. Plaintiff's complaints (disequilibrium, vertigo, tinnitus, deafness, nausea, and vomiting) were ignored.

Plaintiff filed 602 administrative appeals. He submitted CDCR 1824 Reasonable Modification or Accommodation Requests. He submitted CDCR 7362 Health Care Services Requests. He apparently received no responses as he states there was a total "black out" of care. As a result, Plaintiff suffered numerous falls. He also was unable to participate in activities engaged in by other prisoners, most notably, showering. He states that his instability prevented him from showering safely and thus he declined to

shower at all, relying instead on bird baths in his cell sink. These unsanitary conditions led to other medical complaints that were ignored. These conditions endured for approximately one year.

Plaintiff claims violations of the Eighth Amendment (cruel and unusual punishment and medical indifference), the Rehabilitation Act, and the Americans with Disabilities Act. He also alleges a state law tort of negligence. He seeks money damages and injunctive relief.

## IV.  Analysis

### A.  Inadequate Medical Care

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons

unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

Plaintiff's alleges numerous health problems that are sufficient to allege a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

However, Plaintiff has not alleged sufficient facts to show that any individual Defendant was deliberately indifferent to his serious medical needs. Plaintiff brings his Eighth Amendment claim against Defendants Said, Baniga, Nguyen, J. Walsh, W. Walsh, and Shiesha. He does not, however, explain how any of these individuals participated in his care, other than to state that they denied his requests for accommodations. Under § 1983, Plaintiff may not allege liability on the part of a group of defendants. Instead, he must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff alleges no facts regarding the conduct of these Defendants and therefore fails to plead facts to show that these individuals knew of, but disregarded, Plaintiff's serious medical need. Absent facts regarding the nature of Plaintiff's requests, the information presented to each Defendant, and each Defendant's response (or participation in such response), Plaintiff fails to allege facts to suggest that any Defendant was deliberately indifferent to his needs.

Plaintiff will be given leave to amend.

### B. Cruel and Unusual Punishment

Plaintiff brings a claim for cruel and unusual punishment against Defendants Said, Baniga, Nguyen, J. Walsh, W. Walsh, and Shiesha. It is unclear what facts would support this claim, other than those alleged with regard to Plaintiff's medical care. It therefore is unclear whether Plaintiff, in fact, tends to bring a claim for cruel and unusual punishment separate and apart from his medical care claim, such as a conditions of confinement claim. In any event, for the reasons stated above, Plaintiff has failed to link these Defendants to a constitutional violation, and he therefore fails to state a claim against them. Plaintiff will be given leave to amend. In the event he chooses to do so, the Court will provide Plaintiff with the legal standard applicable to his claim. This standard is substantially similar to that described above with regard to medical care.

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A conditions of confinement claim has both an objective and a subjective component. See Farmer, 511 U.S. at 834. "First, the deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson, 503 U.S. at 9. Second, the prison official must have acted with "deliberate indifference" to a substantial risk of serious harm to the inmate. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### C. Americans with Disabilities Act and Rehabilitation Act

Title II of the Americans with Disabilities Act ("ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from

6

participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II authorizes suits by private citizens for money damages against public entities, United States v. Georgia, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'" Pennsylvania Dep't. of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.[1] McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); see also Lee v. City of Los Angeles, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

Furthermore, "[t]o recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. The ADA plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and show that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

---

[1] While the Rehabilitation Act ("RA") has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

### 1. Appropriate Defendants

#### a. Entities

Plaintiff brings his ADA and RA claims against CCI, CCHCS, and CDCR. He seeks money damages against these entities.

Title II of the ADA authorizes suits by private citizens for money damages against public entities that violate § 12132. United States v. Georgia, 546 U.S. 151, 154 (2006) (citing 42 U.S.C. § 12133). Additionally, Title II abrogates the State's sovereign immunity in private suits for damages that are based on conduct that "actually violates the Fourteenth Amendment." Id. at 159. To the extent Plaintiff's ADA claims are cognizable under this standard, CCI, CCHCS, and CDCR are proper defendants.

The RA authorizes suits against programs or activities receiving federal financial assistance. The Ninth Circuit has held that, "[b]ecause California accepts federal funds under the Rehabilitation Act, California has waived any immunity under the Eleventh Amendment" as to that Act's anti-discrimination provisions. See Clark v. State of California, 123 F.3d 1267, 1271 (9th Cir. 1997); see also Douglas v. California Dept. Youth Authority, 271 F.3d 812, 819 (9th Cir.), amended, 271 F.3d 910 (9th Cir. 2001). Thus, CCI, CCHCS, and CDCR are also proper defendants under the RA.

#### b. Individuals

Plaintiff also brings these claims against the following individuals in both their personal and official capacities: (1) K. Said, PCP; (2) U. Baniga, CME; (3) S. Shiesha, CME; (4) B. Sanders, AW-ADA; (5) C. Wofford, SSA; (6) L. Nguyen, M.D.; (7) J. Wood, RAP; (8) J. Long, RAP; (9) E. Garcia, AW-ADA; (10) M. Dailo, AW-ADA; (11) C. Trotter, CCII; (12) J. Walsh, Sr. Psychologist; (13) W. Walsh, Chief of M.H.; (14) M. Phelphs; (15) John Doe, CDCR Lawyer; and (16) J. Lewis, Deputy Director Policy/Risk Management Services. Against these Defendants, he seeks only injunctive relief.

To the extent Plaintiff is attempting to bring ADA and RA claims against any of the defendants in their individual capacities, these claims must be dismissed. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303

F.3d 1039, 1052 (9th Cir. 2002)); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."); see also A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804 (3rd Cir. 2007) (no cause of actions against individuals under RA). This defect is not capable of being cured through amendment.

To the extent Plaintiff is attempting to bring these claims against the Defendants in their official capacities, the Court notes that the ADA creates a private cause of action against public entities. 42 U.S.C. § 12132. Thus, "the proper defendant usually is an organization rather than a natural person." Roundtree v. Adams, No. 1:01–cv–06502–OWW–LJO, 2005 U.S. Dist. LEXIS 40517, at *22, 2005 WL 3284405 (E.D. Cal. Dec. 1, 2005) (internal quotation marks and citations omitted). An ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity and the suit therefore is, in effect, against the government entity that the defendant represents. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir.2003); Kentucky v. Graham, 473 U.S. 159, 165 (1985).

The Court notes that, with the exception of Defendants Lewis and Doe, the named Defendants all work at CCI. However, Plaintiff is no longer incarcerated at CCI. Absent facts to suggest that Plaintiff will be transferred back to the custody of these Defendants, any requests for injunctive relief as to them appear to be moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Furthermore, the majority of these CCI Defendants appear to be ordinary medical providers. The Court is unable to discern any entity these Defendants are intended to represent. To the extent they are intended as agents of CCI or CDCR, they are duplicative, as Plaintiff has named both CCI and CDCR as Defendants. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) ("Official-Capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."). The Ninth Circuit has held that when both an official and a government entity

are named, and the officer is named only in an official capacity, the court may dismiss the suit against the official as a redundant defendant. Ctr. For Bioethical Reform, Inc. v. Los Angeles County Sheriff Dept., 533 F.3d 780, 799 (9th Cir. 2007). This reasoning also applies to Defendant Doe, who appears to be intended as a representative of CDCR.

The exception to this analysis is Defendant Lewis, who appears to be a representative of Policy and Risk Management Services. To the extent Plaintiff states a cognizable ADA claim against this entity, Defendant Lewis (in his official capacity) is a proper defendant. For the same reasons stated above regarding CCI, CDCR, and CCHCS, Defendant Lewis (in his official capacity) is also a proper defendant under the RA.

Plaintiff will be given leave to amend to cure the above-described defects regarding the other individual Defendants.

### 2. Sufficiency of Allegations

The Court must determine whether Plaintiff has alleged facts to state a cognizable ADA claim against CCI, CCHCS, CDCR, and Defendant Lewis.

Plaintiff alleges that he was denied accommodations necessary to allow him to participate in the following prison programs and services: showering, yard program, and day room use. The denial of the accommodations, in and of itself, does not constitute a violation of the ADA. Simmons v. Navajo Cnty., 609 F.3d 1011, 1022 (9th Cir. 2010) (The ADA prohibits discrimination because of disability, not inadequate treatment for disability.") However, Plaintiff has alleged sufficient facts to suggest that he was denied participation in prison programs and services on account of his disability, by virtue of being denied necessary accommodations. United States v. Georgia, 546 U.S. 151, 157 (2006) ("The alleged deliberate refusal of prison officials to accommodate [a prisoner's] disability-related needs in such fundamentals as . . . medical care . . . constitutes exclusion from participation in or . . . denial of the benefits of the prison's services, programs, or activities."). Plaintiff's allegations that he submitted numerous requests to

the various entities and thereafter faced a total "black out" of care is sufficient at the pleadings stage to suggest intentional discrimination. See id. Accordingly, Plaintiff states a cognizable claim under the ADA and RA.

### E. State Law Negligence

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Furthermore, to bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).

Here, Plaintiff has alleged a cognizable federal claim and has pled compliance with the CTCA. Accordingly, the Court will address his medical malpractice claim against Defendants Said, Baniga, Nguyen, J. Walsh, W. Walsh, and Shiesha.

A public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2)

failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (quoting McGarry v. Sax, 158 Cal. App. 4th 983, 994 (2008)). For claims based on medical malpractice, defendant has a duty "to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise." Hanson v. Grode, 76 Cal. App. 4th 601, 606 (1999).

As with Plaintiff's Eighth Amendment claim, this claim fails due to lack of factual specificity. He alleges liability on the part of all Defendants collectively. He does not identify the conduct of specific defendants with sufficient particularity to suggest how or why they were negligent. He will be given leave to amend.

### F. Armstrong Remedial Plan

At several points in the complaint, Plaintiff makes reference to the Armstrong remedial plan. The Armstrong class action was filed in the District Court for the Northern District of California. It involves alleged violations of the ADA and RA, and covers all present and future California State prisoners and parolees with certain disabilities. See Armstrong v. Davis, et al., No. CV-94-2307 CW (N.D. Cal.). It resulted in a permanent injunction and the implementation of a remedial plan.

It does not appear Plaintiff wishes to claim a violation of the Armstrong remedial plan. Plaintiff is advised, however, that a claim for violation of the Armstrong injunction or remedial plan requires enforcement in the court that issued the injunction. Additionally, any claims in this action that also fall within the scope of the Armstrong plan will be governed by rules of claim and issue preclusion.

### V. Conclusion and Order

Plaintiff's complaint states cognizable ADA and RA claims against CCI, CDCR, CCHCS, and Defendant Lewis in his official capacity. His complaint states no other cognizable claims.

The Court will grant Plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The other claims then will be dismissed, and the Court will provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants CCI, CDCR, CCHCS, and Lewis.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form;
2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

        a. File an amended complaint curing the deficiencies identified by the Court in this order, or

        b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; and

3. If Plaintiff fails to comply with this order, the undersigned will dismiss this action for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   December 28, 2016             /s/ *Michael J. Seng*
                                                                          UNITED STATES MAGISTRATE JUDGE