UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| BRIAN APPLEGATE,<br><br>Plaintiff,<br><br>v.<br><br>CCI, et al.,<br><br>Defendants. | CASE NO. 1:16-cv-01343-MJS (PC)<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL NOTICE**<br>**(ECF NO. 17)**<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART MOTION TO DISMISS**<br>**(ECF NO. 16)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |
|---|---|

**I.     Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's complaint against Defendants California Correctional Institution ("CCI"), the California Department of Corrections and Rehabilitation ("CDCR"), California Health Care Services ("CCHCS"), and J. Lewis, in his official capacity, for violation of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). (ECF Nos. 11 and 13.)

Before the Court are Defendants' motion to dismiss (ECF No. 16) and request for judicial notice (ECF No. 17). Plaintiff filed an opposition (ECF No. 20). Defendants filed

1 no reply and the time for doing so has passed. The matter is submitted. Local Rule
2 230(*l*).

**II.     Request for Judicial Notice**

Defendants ask the Court to take judicial notice of documents filed in a separate action involving Plaintiff, Applegate v. Said, No. 1:16-cv-289-JLT (E.D. Cal.). The Court may take judicial notice of its own records in other cases. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119-20 (9th Cir. 1980) (citations omitted). This request will be granted.

Defendants also ask the Court to take judicial notice of portions of the CDCR Operations Manual and an organizational chart for CCHCS, both of which are available on government websites. The Court may take judicial notice of information on a government website when neither party disputes either the website's authenticity or the accuracy of the information displayed. See Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 999-00 (9th Cir. 2010) (taking judicial notice of school district's approved vendors publicly displayed on website); see also Paralyzed Veterans of Am. v. McPherson, No. C 06-4760 SBA, 2008 WL 4183981, *5 (N.D. Cal. Sept. 9, 2008) (collecting cases). Here, Plaintiff does not contest the authenticity of the cited websites or the accuracy of the information presented. (ECF No. 20.) This request also will be granted.

**III.    Plaintiff's Claims**

As stated, the instant case proceeds against CCI, CDCR, CCHCS, and J. Lewis, in his official capacity, for violation of the ADA and RA. The claims arise out of a lack of accommodations provided to Plaintiff during his incarceration at CCI. Very briefly summarized, Plaintiff alleges that he is a "long-standing ADA prisoner" and that the lack of necessary accommodations at CCI prevented him participating in prison programs and services including showering, yard program, and day room use.

**IV.    Legal Standard – Motion to Dismiss**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010). However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 1986); Mack v. S. Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998. Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**V.   Discussion**

    **A.   Applegate v. Said**

Defendants first contend that the instant case should be dismissed as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i), because it is duplicative of Applegate v. Said, No. 1:16-cv-289-JLT (E.D. Cal.).

The Said case was filed on March 2, 2016.[1] (Said, ECF No. 1.) On November 16, 2016, the Said complaint was screened by the Magistrate Judge and dismissed on various procedural grounds. The Court did not examine the merits of Plaintiff's claims.

---

[1] The instant case was filed on September 12, 2016.

3

(Said, ECF No. 13.) On December 13, 2016, Plaintiff filed a first amended complaint. (Said, ECF No. 14.)

On April 3, 2017, Defendants in their motion to dismiss the instant case. (ECF No. 16.)

On April 13, 2017, Plaintiff voluntarily dismissed the complaint in Said (ECF No. 18), and the case was closed by operation of law (ECF No. 19).

Plaintiff explains that he filed the instant action subsequent to Said because some of the events at issue here occurred after the filing of his initial Said complaint. Plaintiff concedes that his amended complaint in Said is duplicative of the instant action; that is why he voluntarily dismissed it.

Defendants did not file a reply addressing the effect of Plaintiff's voluntary dismissal on their motion to dismiss.

Said was dismissed without prejudice and without consideration of the merits. It has no preclusive effect on this action. Furthermore, Defendants never appeared in Said, and there is no longer any potential for duplicative evidence or inconsistent rulings in light of the voluntary dismissal. Plaintiff has presented a plausible explanation for his decision to file duplicative complaints and acted quickly to remedy the situation by voluntarily dismissing Said. There is nothing before the Court to indicate that Plaintiff has proceeded in bad faith or with intent to abuse the judicial process. See Martinez v. United States of America, 812 F. Supp. 2d 1052, 1057 (C.D. Cal. 2010) (noting that duplicative complaints are not necessarily malicious). And, while the Court has no desire to screen multiple duplicative complaints from the same litigant, the Court again notes that the Said complaint was never addressed on the merits.

In light of these considerations, the Court concludes that the instant case is not frivolous, malicious, or an abuse of process. Defendants' motion to dismiss on this basis should be denied.

### B. Duplicative Defendants

Defendants next contend that this action should proceed only against CDCR, and that CCI, CCHCS, and Defendant Lewis are duplicative of CDCR and should be dismissed. Plaintiff contends that CCI and CCHCS should not be dismissed because officers of each entity are responsible for the conduct alleged in his complaint. He concedes that Defendant Lewis should be dismissed, so long as her conduct is imputed to CCHCS.

J. Lewis is sued in her official capacity as Director of Policy and Risk Management, a position within CCHCS. She should be dismissed from this action because claims against her are duplicative of those against CCHCS. Ctr. For Bioethical Reform, Inc. v. Los Angeles County Sheriff Dept., 533 F.3d 780, 799 (9th Cir. 2007) (holding that, when both an official and government entity are named, and the officer is named only in an official capacity, the court may dismiss the suit against the official as a redundant defendant).

CCI is a prison within CDCR and under CDCR's jurisdiction. Department Operations Manual § 15000.4 (ECF No. 17-6 at 3).; see also Cal. Penal Code, § 5003(i) (CDCR has jurisdiction over CCI). CCHCS is a CDCR department. See Department Operations Manual § 31060.3 (ECF No. 17-6 at 5). Thus, all of the conduct alleged in this action is attributable to employees or officers acting under the authority of CDCR. CDCR cannot escape liability or limit Plaintiff's relief merely by contending that the conduct is limited to a specific prison or department. The Court can discern no advantage to Plaintiff of proceeding against CCI or CCHCS, in addition to CDCR.

Accordingly, the Court will recommend that Defendants CCI, CCHCS, and Lewis be dismissed, and that the action proceed only against CDCR.

### VI. Conclusion, Order, and Recommendation

Based on the foregoing, Defendants' request for judicial notice (ECF No. 17) is HEREBY GRANTED.

Furthermore, it is HEREBY RECOMMENDED that Defendants' motion to dismiss (ECF No. 16) be GRANTED IN PART AND DENIED IN PART as stated herein, and that CCI, CCHCS, and Defendant Lewis be dismissed from this action with prejudice.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: April 25, 2017          /s/ *Michael J. Seng*
                                                             UNITED STATES MAGISTRATE JUDGE